BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: FACEBOOK, INC., CONSUMER PRIVACY USER PROFILE LITIGATION | MDL DOCKET NO. 2843 |

### FACEBOOK, INC.'S SUPPLEMENTAL RESPONSE SUPPORTING CONDITIONAL TRANSFER OF COOK COUNTY CASE

Facebook, Inc. respectfully submits this Supplemental Response to the May 23, 2018 Response in Opposition ("Opposition" or "Opp.") filed by the State's Attorney for Cook County, Illinois ("Cook County"), which is the Plaintiff in the tagalong action *People of the State of Illinois v. Facebook, Inc.*, 1:18-CV-2667 (N.D. Ill.) (the "Cook County Case"). Cook County does not object to the creation of an MDL, or the transfer of actions in the MDL to the Northern District of California—indeed, Cook County's arguments *assume* that the Panel will create an MDL. Rather, Cook County argues only that the Cook County Case should not be included in the MDL and that the Panel should "delay any conditional transfer order" until the Northern District of Illinois rules on Cook County's motion to remand the case to state court.

At the outset, Cook County's Opposition is procedurally improper. Responses to the MDL motion were due over a month ago. Dkt. 3 (Responses due April 20). And, if the Panel creates an MDL, Cook County will have ample opportunity to raise all of its objections to the inclusion of the Cook County case in the MDL if and when it opposes the conditional transfer order, *see* JPML Rule 7.1(c), and then moves to vacate it, *see* JPML Rule 7.1(f).

Cook County's arguments also fail on the merits. If the Panel decides to create an MDL, the Cook County Case unquestionably belongs in this MDL. The allegations and causes of action overlap substantially with those alleged in the private class actions, meaning that the parties will

1

have common arguments on dispositive motions and discovery in the Cook County Case will be identical to that sought in the private class actions. Including the Cook County Case in the MDL for coordinated pretrial proceedings will avoid duplicative litigation, duplicative discovery, and inconsistent rulings, and will not infringe upon the sovereign prerogatives Cook County believes it has here.

Nor does Cook County's pending remand motion warrant a delay in the issuance of a conditional transfer order. As an initial matter, if the Panel creates an MDL, issuance of a conditional transfer order will not prevent the Northern District of Illinois from ruling on the remand order. During the time that Cook County's objections to the conditional transfer order are pending, Judge Dow will be free to decide the remand issue or, if he determines that the transferee judge is better positioned to decide the remand issue, to refrain from making a decision. There is no prohibition against including an action in this posture, and the Panel has done so before. In any event, the pending remand motion is a red herring—if it is granted, then the Cook County Case would necessarily exit the MDL and return to state court; if it is denied, then the Cook County Case is properly in the federal courts and is subject to Section 1407.

I.   **The Cook County Case Belongs In This MDL**

The Cook County Case satisfies the criteria in Section 1407 for inclusion in the MDL because it shares "one or more common questions of fact" with the other private class actions. 28 U.S.C. § 1407(a). The case is based on the same March 2018 news stories regarding Cambridge Analytica's unauthorized use of Facebook user data that underlie the actions in this MDL. *See* Cook County Compl. ¶¶ 1–10, 18–19 (Dkt. 49-6). Moreover, Cook County alleges that Facebook violated state consumer protection laws—specifically, the Illinois Consumer Fraud and Deceptive Business Practices Act, a statute that also is invoked in the *Comforte* action (1:18-CV-02120 (N.D. Ill.)), and that is a local variant of the California Unfair Competition Law asserted in the vast

majority of the actions.  *See id.* ¶¶ 77–88; *Comforte* Compl. ¶¶ 215–229 (Dkt. 1-9); *see, e.g.*, *Price* Compl ¶¶ 34–46, NO. 3:18-CV-01732 (N.D. Cal.) (Dkt. 1-4).

In light of the overlapping factual and legal claims, the defendants likely will raise similar arguments in a motion to dismiss, and the discovery in the Cook County Case will largely be the same as that sought by other plaintiffs.  For these reasons, if the Panel creates an MDL, including the Cook County Case in the MDL would serve the efficiency purposes that the MDL statute was enacted to promote.  *See* Dkt. 19 at 7-12; *see also In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Practices & Prod. Liab. Litig.*, No. MDL 2738, 2016 WL 5845997, at *1 (J.P.M.L. Oct. 4, 2016) ("It is far more convenient for the parties and witnesses and more efficient for the courts to litigate [dispositive] pretrial motions one time").  Absent transfer, the parties and the judiciary would need to rely on informal cooperation among disparate courts, a process that likely "will [not] be sufficient to eliminate the potential for duplicative discovery, inconsistent pretrial rulings, and conflicting discovery obligations."  *In re Generic Pharm. Pricing Antitrust Litig.*, MDL No. 2724, 2017 WL 4582710, at *2 (J.P.M.L. Aug. 3, 2017).

Cook County does not dispute that its case satisfies the requirements of Section 1407.  Rather, it argues that "[t]ransferring this action into the MDL would necessarily result in giving unappointed attorneys control over [Cook County's] action."  Opp. at 5.  But that assertion, even if it would control the analysis here, is simply not true.  Although the private class actions may be consolidated for pretrial purposes and lead counsel appointed, the transferee court will have ample discretion to organize a plaintiff leadership structure that preserves Cook County's ability to control its case.  *See In re Generic Pharmaceuticals*, 2017 WL 4582710, at *2 ("The States' concerns regarding the obligations imposed by certain case management orders in the MDL (such as those establishing the authority of lead counsel to make decisions on behalf of all plaintiffs)

3

similarly can be addressed by the transferee court."). Indeed, in the *In re Generic Pharmaceuticals* MDL that Cook County references, Opp. at 5, the transferee court established separate leadership structures for the private class action plaintiffs and the State Attorneys General.  *See* Pretrial Orders 36 and 37, No. 16-MD-2724, Dkts. 505, 507 (E.D. Pa.).  And, in any event, transfer would not deprive Cook County of any control over its case at trial, as the case would by then have been remanded to the Northern District of Illinois.

Nor does Cook County's concern over "state sovereignty," Opp. at 5, change the analysis.  Section 1407 expressly contemplates that government actions may be included in an MDL:  the statute excludes *only* "actions by the United States under the antitrust laws," and contains no similar exclusion for actions brought by the States.  28 U.S.C. § 1407(g).  Thus, this Panel regularly includes actions brought by State Attorneys General, including *parens patriae* actions.  *E.g.*, *In re: Standard & Poor's Rating Agency Litig.*, MDL No. 2446, 949 F. Supp. 2d 1360 (J.P.M.L. 2013); *In re: Countrywide Fin. Corp. Mortg. Mktg. & Sales Practices Litig.*, MDL No. 1988, 582 F. Supp. 2d 1373 (J.P.M.L. 2008); *In re Pharm. Indus. Average Wholesale Price Litig.*, MDL No. 1456, 237 F. Supp. 2d 1377 (J.P.M.L. 2002); *In re Managed Care Litig.*, MDL No. 1334 (J.P.M.L. Apr. 17, 2001); *In re Armored Car Antitrust Litig.*, 462 F. Supp. 394 (J.P.M.L. 1978); *In re Plumbing Fixtures Litig.*, 342 F. Supp. 756 (J.P.M.L. 1972); *see also, e.g.*, *In re Multidistrict Civil Antitrust Actions Involving Antibiotic Drugs*, 405 F. Supp. 1302 (J.P.M.L. 1976) (transferring foreign-government *parens patriae* action).  The one case Cook County cites—*In re Master Settlement Agreement Antitrust Litig.*, 374 F. Supp. 2d 1355 (J.P.M.L. 2005)—is not analogous because the State Attorneys General there were *defendants*, a posture that raises Eleventh Amendment concerns that are not present in the case of affirmative litigation.

**II.     Cook County's Pending Motion To Remand Is Not A Sufficient Reason To Delay Transfer**

Cook County devotes half of its Opposition to rehashing its pending motion to remand the Cook County Case to Illinois state court. Opp. at 2–4. But the remand motion is irrelevant to the issues before the Panel: if Cook County prevails on that motion, the case will return to state court and necessarily be excluded from the MDL; and if the Panel creates an MDL and the motion to remand is denied, the case should remain in the MDL for the reasons described above. As Cook County correctly concedes, the Panel regularly transfers cases into MDLs when motions to remand are pending. Opp. at 4; *see also In re: Darvocet, Darvon & Propoxyphene Prod. Liab. Litig.*, 2012 WL 7764151, at *1 (J.P.M.L. Apr. 16, 2012) ("The Panel often has held that a pending motion for remand is not a bar to transfer."); *In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001). In support of its contention that the Panel should deviate from this standard practice, Cook County cites *In re Ivy*, 901 F.2d 7 (2d Cir. 1990). But that case did not purport to establish a standard for motions to transfer involving jurisdictional challenges; it merely denied a petition for mandamus—an extraordinary writ—because the cases in question were "particularly well-suited for multidistrict transfer." *Id.* at 9.

In reciting its remand arguments, Cook County also misstates the issues raised by that motion. Cook County is correct that the principal issue in the remand motion is whether Cook County is acting as the State of Illinois for purposes of diversity jurisdiction. But it erroneously asserts that "whether the State is the true party in interest turns on questions of Illinois constitutional and statutory law." Opp. at 2. In fact, although the inquiry is informed by state law, "[u]ltimately, … the question whether a particular state agency has the same kind of independent status as a county or is instead an arm of the State, … is a question of federal law." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 n.5 (1997).

5

In any event, Cook County's state law contentions in its Opposition undermine its ultimate position that the State of Illinois is the real party for diversity purposes. It argues that "the power to represent the People excludes unappointed, private attorneys," who can be appointed "only where the State's Attorney is 'sick, absent, or unable to fulfill' her duties. Opp. at 4-5. In this case, however, Cook County is already being represented by an improperly appointed private attorney. To Facebook's knowledge, Cook County has never attempted to show that the State's Attorney is "sick, absent, or unable to fulfill her duties"—Cook County instead sought appointment of private counsel based exclusively on that counsel's purportedly "specialized expertise." Opp. at 6. Based on that improper foundation, the private attorney representing Cook County was appointed "Special Assistant State's Attorney," a position not authorized by statute and one that Illinois courts have already said does not exist. *See People v. Woodall*, 777 N.E.2d 1014, 1020 (Ill. App. 5th Dist. 2002) ("the position of 'special assistant State's Attorney' is a position unknown to our laws").

\* \* \*

For these reasons, the Panel should reject the arguments in Cook County's procedurally improper filing. There is no good reason to exclude the Cook County case from the MDL if the Panel creates one, or to delay the issuance of a conditional transfer order.[1]

---

[1] Facebook takes no position on *who* should decide Cook County's remand motion, whether Judge Dow or the MDL transferee judge. Facebook does note that Plaintiffs are mistaken when they say Judge Dow decided "a very similar issue" in *Illinois v. AU Optronics*, 794 F. Supp. 2d 845 (N.D. Ill. 2011). Opp. at 3. The issue in *AU Optronics* was whether the citizens of Illinois were the real parties in interest in a suit brought by the Illinois Attorney General—not whether the State of Illinois is the real party in interest in a suit brought by the Cook County State's Attorney. *See, e.g.*, *Port of Seattle v. Oregon & W. R. Co.*, 255 U.S. 56, 71 (1921) (State's interest in action brought by municipal port to quiet title in favor of the State did not destroy diversity jurisdiction).

Dated:  May 30, 2018

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:   /s/ *Orin Snyder*
Orin Snyder
200 Park Avenue
New York, N.Y. 10166
Tel: 212.351.2400
Fax: 212.351.6335
osnyder@gibsondunn.com

Joshua S. Lipshutz
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel: 202.955.8217
Fax: 202.530.9614
jlipshutz@gibsondunn.com

Kristin A. Linsley
Brian M. Lutz
555 Mission Street
Suite 300
San Francisco, CA 94105
Tel: 415.393.8379
Fax: 415.374.8474
klinsley@gibsondunn.com
blutz@gibsondunn.com

*Attorneys for Facebook, Inc.*